```
            THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

| | |
|---|---|
| MIGUEL RUIZ, JOSE JIMENEZ and JESUS PERALTA, | § § § |
| Plaintiffs, | § § § |
| v. | § CIVIL ACTION NO. 4:20-cv-274 § |
| SAVAGE CONSTRUCTION, L.L.C., KYLE SAVAGE, INDIVIDUALLY, and MARY SAVAGE, INDIVIDUALLY, | § § § § § § |
| Defendants. | § |

## PLAINTIFFS' ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1. Savage Construction, L.L.C. (the "Company"), established in 2002, provides excavation and utility contracting services in Harris and Montgomery counties. Kyle Savage ("K. Savage") and Mary Savage ("M. Savage") are the Company's president and governing person, respectively. Reference to the "Defendants" is to the Company, K. Savage and M. Savage, collectively.

2. Unfortunately, the Company did not pay its hourly employees Miguel Ruiz ("Ruiz"), Jose Jimenez ("Jimenez") and Jesus Peralta ("Peralta") one and one-half (1½) times their regular hourly rate for all hours worked over forty (40) per workweek in violation of the Fair Labor Standards Act (the "FLSA").

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b)(2020) and 28 U.S.C. § 1331 (2020).

4. The Plaintiffs bring this Complaint in the district in which the Company does business and where a substantial portion of the conduct charged herein occurred. As such, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2020).

## THE PARTIES

5. Ruiz, a resident of Houston, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint. In performing his duties for the Company, Ruiz engaged in commerce or in the production of goods for commerce.

6. Jimenez, a resident of Houston, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint. In performing his duties for the Company, Jimenez engaged in commerce or in the production of goods for commerce.

7. Peralto, a resident of Houston, Texas, was employed by the Company within the meaning of the FLSA during the three (3) year period preceding the filing of this Complaint. In performing his duties for the Company, Peralta engaged in commerce or in the production of goods for commerce.

8. The Company, an enterprise engaged in commerce, is a Texas limited liability company with its principal place of business located in Willis, Montgomery County, Texas. The Company has acted, directly or indirectly, in the interest of an employer

with respect to the Plaintiffs.  The Company may be served with process by serving its registered agent, Michael L. Durham, 4900 Travis, Houston, Texas 77002 or its president, K. Savage, c/o Savage Construction, L.L.C., at 13212 Browder Traylor Road, Willis, Texas 77378.

9.   K. Savage has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  K. Savage may be served with process at 13212 Browder Traylor Road, Willis, Texas 77378.

10.  M. Savage has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiffs.  M. Savage may be served with process at 13212 Browder Traylor Road, Willis, Texas 77378.

## BACKGROUND

11.  Ruiz was employed by the Company as a pipefitter on an hourly rate basis. Ruiz routinely worked in excess of forty (40) hours per week.  However, Ruiz was only paid overtime compensation at one and one-half (1½) his regularly hourly rate for hours worked over fifty (50) hours each week.  Simply put, Ruiz was paid his regular hourly rate for hours worked between forty (40) and fifty (50) hours each week in violation of the FLSA.

12.  Jimenez was employed by the Company as a machine operator on an hourly rate basis.  Jimenez also routinely worked in excess of forty (40) hours per week.  Like Ruiz, however, Jimenez was also

only paid overtime compensation at one and one-half (1½) his regularly hourly rate for hours worked over fifty (50) hours each week. Briefly stated, Jimenez was only paid his regular hourly rate for hours worked between forty (40) and fifty (50) hours each week in violation of the FLSA.

13. Peralta was employed by the Company as a laborer on an hourly rate basis. Peralta also routinely worked in excess of forty (40) hours per week. Nevertheless, Peralta was only paid overtime compensation at one and one-half (1½) his regularly hourly rate for hours worked over fifty (50) hours each week. In other words, Peralta was paid his regular hourly rate for hours worked between forty (40) and fifty (50) hours each week in violation of the FLSA.

14. As hourly, non-exempt employees, the Plaintiffs were entitled to be paid one and one-half (1½) times their regular rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207 (2020).

15. No exemption excuses the Company from paying the Plaintiffs overtime compensation for all hours worked over forty (40) hours each work week. Nor have the Defendants made a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out an illegal pattern or practice regarding unpaid overtime compensation with respect to the Plaintiffs.

16. K. Savage and M. Savage have a substantial financial

interest in the Company and are directly involved in:

    a.   the hiring and firing of employees;

    b.   day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by Company employees;

    c.   Company finances; and

    d.   corporate decisions.

## CAUSE OF ACTION

### A. Unpaid Overtime Compensation

17. The Plaintiffs regularly worked in excess of forty (40) hours per week for which they were not compensated at one and one-half (1½) times their regular rate of pay.

18. As hourly, non-exempt employees, the Plaintiffs were entitled to be paid one and one-half (1½) times their regular hourly rate for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a) (2020). Accordingly, the Defendants' practice of failing to pay the Plaintiffs overtime compensation for hours worked between forty (40) and fifty (50) hours each week was and is a clear violation of the FLSA.

19. No exemption excused the Defendants from paying the Plaintiffs one and one-half (1½) times their regular hourly rate for hours worked over forty (40) hours. Nor did the Defendants make a good faith effort to comply with the FLSA. Instead, the Defendants knowingly, wilfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation

with respect to the Plaintiffs.

20. Accordingly, the Plaintiffs are entitled to overtime pay in an amount which is one and one-half (1½) times their regular rate of pay for all hours worked over forty (40) hours each week.

21. In addition, the Plaintiffs are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages.

22. Finally, the Plaintiffs are entitled to reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b)(2020).

## PRAYER

WHEREFORE, Plaintiffs Miguel Ruiz, Jose Jimenez and Jesus Peralta request that this Court award them judgment, jointly and severally, against Defendants Savage Construction, L.L.C., Kyle Savage, Individually, and Mary Savage, Individually, for:

a. damages for the full amount of the Plaintiffs' unpaid overtime compensation;

b. an amount equal to the Plaintiffs' unpaid overtime compensation as liquidated damages;

c. reasonable attorneys' fees, costs and expenses of this action;

d. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

e. such other and further relief as may be allowed by law.

Respectfully submitted,


/s/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Ave, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Ave, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com