The United States District Court
For the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Miguel Ruiz, Jose Jimenez and Jesus Peralta | § § | |
| *Plaintiffs* | § § | Civil Action Number |
| vs | § § | 4:20-CV-00274 |
| Savage Construction, LLC, Kyle Savage (individually) and Mary Savage (Individually) | § § § | |
| *Defendants* | § | |

## Joint Motion to Approve Settlement of FLSA Claims and to Dismiss Case with Prejudice

**Comes now** Plaintiffs Miguel Ruiz, Jose Jimenez and Jesus Peralta and Defendants Savage Construction, LLC, Kyle Savage individually and Mary Savage Individually.

The parties respectfully request that the Court approve the settlement of the pending FLSA claims, and upon approval of the settlement to then dismiss the pending case by agreement.

1) This case involves allegations by the three individually named plaintiffs. Each of the Plaintiffs alleges that Savage Construction LLC paid overtime premium pay only after the employee had worked more than 50 hours in a single work week, instead of after 40 hours as required by the FLSA. Thus, the allegation is that Defendants failed to pay overtime premium pay within the narrow range of 40 to 50 hours.

2) This case does not involve any class action or collective action claims. The only parties are the three named Plaintiffs, and the three named defendants.

3) Each side is represented by legal counsel knowledgeable in the litigation of FLSA matters.

4) Each of the Plaintiffs acknowledge that they in fact received all proper base pay (i.e. their regular hourly rate) for all hours actually worked. There are no claims of off the clock work, nor are there any claims of failure to pay regular base hourly wages.

5) The Plaintiffs worked varying schedules. In some weeks the Plaintiffs worked less than 40 hours, in some weeks worked within the 40 to 50 hour range, and in some weeks worked more than 50 hours.

6) The sole allegation in this case is that Defendants failed to pay proper overtime premium (i.e. the additional half-time) for the hours actually worked between 40 and 50 in a single work week. That is, only the overtime hours within the rage of 40 to 50 hours were incorrectly paid, but overtime was always properly paid for hours 50 and above.

7) The amounts at issue are relatively modest and the parties are in agreement that the cost of continuing to litigate would be significantly larger than the actual amounts potentially recoverable by the Plaintiffs. In order to resolve this case now and without additional litigation costs, the Defendants have agreed to settle by paying the full amount which could be recovered by the Plaintiffs at trial. The parties agree that the settlement amounts represent a fair and reasonable estimate of the amounts Plaintiffs might recover if they went to trial and fully prevailed.

8) Defendants have produced payroll records necessary to evaluate the Plaintiffs' claims. After arms-length negotiation and independent calculation, the parties have agreed to settle this case for amounts which the best estimate of the full amount owed to each plaintiff.

9) The amounts offered and accepted in settlement are:
   Jose Jimenez:   $13,835.81
   Jesus Peralta:  $4,363.50
   Miguel Ruiz:    $1,605.00

10) The settlement amounts represent full payment of the unpaid overtime premium pay, plus full payment of liquidated damages at 100% of the unpaid overtime. The settlement amounts take into account the full period of each Plaintiffs employment, none of which was longer than two years. Thus, the three-year FLSA look-back period is not an issue.

11) In addition, Defendants agreed to pay Plaintiffs' demand for $2,400 in compensation of the reasonable and necessary court costs, filing fees, and attorneys' fees measured by a reasonable hourly rate for Plaintiffs' counsel.

12) Based on their own independent legal advice and their own evaluation of the payroll records, each of the Plaintiffs stipulates that the settlement offer made by Defendants is actually fair and reasonable, and represents the most likely amount they would recover if the case were tried and if Plaintiffs were to fully prevail.

13) The settlement amounts provide full compensation to each Plaintiff for the overtime premium (1/2 time pay) for the hours each plaintiff actually worked between 40 and 50 in each workweek, together with full recovery of liquidated damages. Thus, the settlement represents the maximum possible recovery if the case were tried and if Plaintiffs fully prevailed.

14) All parties stipulate and agree that the settlement between them represents a fair and reasonable settlement and represents a reasonable calculation of the full value of the Plaintiffs' claims.

15) The Plaintiffs have been represented throughout this case by their own legal counsel,

who is knowledgeable in FLSA matters. The settlement negotiations were conducted at arms-length.

16) Because of the comparatively modest amounts at issue in this case, the parties have opted to settle rather than continue litigation.

17) For the above reasons, the parties jointly request that the court:

   a) Approve the settlement as fair and reasonable.

   b) Upon such approval, dismiss the case with prejudice to refiling. Each party shall bear its own costs and attorneys' fees.

Respectfully submitted,

_____
Robert C Rice
Attorney in charge for Defendants

Rice & Associates PC
5615 Kirby Drive, Suite 810
Houston TX 77005
(713) 655-9090
rcrice@rice-law.com


_____
Patricia Haylon
Attorney in charge for Plaintiffs

Warren & Siurek, LLP
3334 Richmond, Suite 100
Houston TX 77098
(713) 522-0066
thaylon@warrensiurek.com

The United States District Court
For the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Miguel Ruiz, Jose Jimenez and Jesus Peralta § § | | |
| *Plaintiffs* § | | |
| § | Civil Action Number | |
| vs § | | |
| § | 4:20-CV-00274 | |
| Savage Construction, LLC, Kyle Savage individually and Mary Savage Individually § § § | | |
| *Defendants* § | | |

## ORDER

The parties have jointly requested the Court's approval of a private settlement of the FLSA claims asserted in this matter.

Having considered the joint motion filed by the parties, the Court finds that the settlement is fair and reasonable, and approximates the Plaintiffs' likely recoveries if they succeeded at trial.

It is therefore ORDERED.

1. The parties' joint motion for approval of their settlement is APPROVED. Upon consideration of the Joint Motion, the Court finds the settlement to be fair and reasonable.

2. Having fully resolved all claims between them, the parties therefore jointly request the dismissal of all claims, with prejudice. This joint request is GRANTED.

3. This matter is dismissed with prejudice to refiling. This is a final judgment, disposing of all claims, causes of action and counterclaims.

Signed: _____, 2020

_____
U.S. District Judge